Opinion
 

 SIMS, Acting P. J.
 

 As pertinent, defendant Jason Aaron Carter was convicted by jury of possession of cocaine base for sale. (Health & Saf. Code, § 11351.5.)
 

 Following his sentence to state prison, defendant appeals, contending the trial court erroneously denied his motion
 
 in limine
 
 and allowed a police officer, with extensive training and experience in sales of narcotics, to render an expert opinion that defendant possessed rock cocaine for purposes of sale, based on the quantity of the drug possessed (27.4 grams).
 

 Defendant relies on
 
 People
 
 v.
 
 Arguello
 
 (1966) 244 Cal.App.2d 413 [53 Cal.Rptr. 245], which held the trial court erroneously allowed a qualified police officer to render an expert opinion that defendant, who was not a user of heroin, possessed heroin for purposes of sale, based on the quantity of the drug possessed.
 
 {Id.
 
 at p. 421.)
 

 However,
 
 Arguello
 
 is no longer good law, because it has been overruled on this point sub silentio by our Supreme Court in
 
 People
 
 v.
 
 Newman
 
 (1971) 5 Cal.3d 48 [95 Cal.Rptr. 12, 484 P.2d 1356], disapproved on another point in
 
 People
 
 v.
 
 Daniels
 
 (1975) 14 Cal.3d 857, 862 [122 Cal.Rptr. 872, 537 P.2d 1232].
 

 In
 
 Newman,
 
 the defendant was found in possession of eight plastic bags containing methedrine, a restricted dangerous drug. There was no evidence suggesting defendant was a user of methedrine. At trial, a police officer testified the bags were possessed for purposes of sale. Defendant was convicted of possessing a restricted dangerous drug for the purpose of sale and appealed, contending, as relevant, that no substantial evidence showed the drugs were possessed for sale. Holding that the record contained substantial evidence, our Supreme Court said: “With respect to defendant’s purpose or intent to possess the drugs for sale, the officer gave his opinion,
 
 *1378
 
 based upon his experience, training and judgment, that the bindles ‘were in possession for sale’ because of the large quantity of drugs contained in the envelope. In cases involving possession of marijuana or heroin, experienced officers may give their opinion that the narcotics are held for purposes of sale based upon such matters as the quantity, packaging and normal use of an individual; on the basis of such testimony convictions of possession for purpose of sale have been upheld. [Citations.] However, as to drugs which may be purchased by prescription, an officer’s opinion that possession of lawfully prescribed drugs is for purposes of sale is worthy of little or no weight in the absence of evidence of some circumstances not to be expected in connection with a patient lawfully using the drugs as medicine. [Citation.]”
 
 (People
 
 v.
 
 Newman, supra,
 
 5 Cal.3d at p. 53.)
 
 [1]
 

 The instant case does not involve a prescription drug but rather involves rock cocaine. For purposes of
 
 Newman's
 
 rule, rock cocaine is like marijuana or heroin. The trial court properly admitted expert opinion testimony that defendant possessed the rock cocaine for purposes of sale.
 

 The judgment is affirmed.
 

 Raye, J., and Morrison, J., concurred.
 

 [1]
 

 Defendant notes that
 
 Arguello
 
 was cited with approval in
 
 People
 
 v.
 
 Anderson
 
 (1990) 52 Cal.3d 453, 478 [276 Cal.Rptr. 356, 801 P.2d 1107]. However,
 
 Anderson
 
 cited
 
 Arguello
 
 for the proposition that a police officer’s opinion regarding the truthfulness of a suspect’s confession is generally deemed inadmissible.
 
 (Anderson, supra,
 
 52 Cal.3d at p. 478.)
 
 Anderson
 
 does not approve Arguello’s conclusion that a qualified police officer cannot render an expert opinion that unlawful narcotics were possessed for purposes of sale, based on the quantity of the drug possessed.