[No. 22287-6-II.   Division Two.   October 16, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES FIDEL WADE, *Appellant*.

*Patricia A. Pethick*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney*, and *Kathleen Proctor, Deputy*, for respondent.

HUNT, J. — Charles Fidel Wade appeals his juvenile conviction for possession of cocaine with intent to deliver. He contends that the trial court erroneously admitted circumstances of past misconduct under ER 404(b) and his prior statement, that he does not use cocaine, to prove intent in the current charge. We agree. We reverse and remand for entry of judgement and resentencing on the lesser-included charge of possession.

## FACTS

Officer Joe Mettler of the Tacoma Police routinely patrols in the Hilltop area of Tacoma. At about 3:00 P.M. on February 9, 1997, he turned southbound on 'M' Street and observed Charles Wade walking away from a white Chevrolet van. Mettler stopped his police car, got out, and invited Wade to come over and talk for a minute. Wade verbally refused and walked away. Mettler continued to observe Wade.

As Wade walked away, Mettler saw him fumbling with either his coat pocket or pants pocket. Mettler then saw a little plastic baggy-type wrapper drop to the ground and Wade began running. Mettler recovered the baggy, which contained nine (9) rocks of suspected cocaine. Mettler ran back to his vehicle and drove toward where he had last seen Wade, but Wade had disappeared from sight.

Wade was subsequently found and apprehended. The rocks were tested and found to contain 1.3 grams of cocaine.

On February 10, 1997, the State charged Wade in juvenile court with one count of possession of a controlled substance with intent to deliver, in violation of RCW 69.50.401(a)(1)(i). The State filed a motion in limine seek-

ing admission of two prior drug dealing acts under ER 404(b). The first act occurred on October 26, 1995, 14 months before the current offense. Wade had pleaded guilty to possession with intent to deliver after selling cocaine to a named police informant in the Hilltop area. The State introduced this evidence through the testimony of the arresting officer and the informant who had purchased the drugs from Wade.

A second possession with intent to deliver charge had arisen 10 months earlier when police observed Wade in the Hilltop area conducting a hand-to-hand transaction with another man. The State introduced this evidence through the testimony of the arresting officer.

The court granted the State's motion in limine, ruling the prior acts admissible as evidence of intent under ER 404(b).[1] During trial, Wade renewed his objection. Adhering to its prior ruling, the trial court again ruled it admissible as evidence of intent.

On May 8, 1997, the juvenile court found Wade guilty of possession of a controlled substance with intent to deliver. On May 22, 1997, he was sentenced to 52 to 65 weeks in the juvenile rehabilitation center.

## ANALYSIS

Absent an abuse of discretion, we will not disturb on appeal a trial court's evidentiary ruling. *State v. Lane*, 125 Wn.2d 825, 889 P.2d 929 (1995). An abuse of discretion occurs when the trial court bases its decision on untenable grounds or exercises discretion in a manner that is manifestly unreasonable. *State v. Valdobinos*, 122 Wn.2d 270, 279, 858 P.2d 199 (1993). "[E]videntiary errors under ER 404 are not of constitutional magnitude" and are harmless unless the outcome of the trial would have differed had

---

[1]No record of this motion hearing has been made available to the court.

the error not occurred. *State v. Jackson*, 102 Wn.2d 689, 695, 689 P.2d 76 (1984).

### 1. Prior Acts
#### a. ER 404(b)

■ The purpose of the rules of evidence is to secure fairness and to ensure that truth is justly determined. To that end, ER 404(b) forbids evidence of prior acts that tend to prove a defendant's propensity to commit a crime, but allows its admission for other limited purposes:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Here the trial court admitted evidence of Wade's prior sales of cocaine to prove *intent* to sell the cocaine in his possession as charged.

■ To determine admissibility of evidence under ER 404(b), the trial court must engage in a three-part analysis established in *State v. Saltarelli*, 98 Wn.2d 358, 362, 655 P.2d 697 (1982). First, the court must identify the purpose for which the evidence will be admitted. Second, the evidence must be materially relevant. Third, the court must balance the probative value of the evidence against any unfair prejudicial effect the evidence may have upon the fact-finder. *Saltarelli*, 98 Wn.2d at 362-66. Further, to avoid error, the trial court must identify the purpose of the evidence and conduct the balancing test on the record. *State v. Jackson*, 102 Wn.2d 689, 693-94, 689 P.2d 76 (1984). Doubtful cases should be resolved in favor of the defendant. *State v. Smith*, 106 Wn.2d 772, 776, 725 P.2d 951 (1986).

■ Regardless of relevance or probative value, evidence that relies on the propensity of a person to commit a crime cannot be admitted to show action in conformity therewith. *Saltarelli*, 98 Wn.2d 358, 362; 1 McCormick on Evidence

§ 190, at 811 (John W. Strong ed., 4th ed. 1992). As Justice Cardozo eloquently explained:

> It is for ordinary minds, and not for psychoanalysts, that our rules of evidence are framed. They have their source very often in considerations of administrative convenience, of practical expediency, and not in rules of logic. When the risk of confusion is so great as to upset the balance of advantage, the evidence goes out.

*Shepard v. United States*, 290 U.S. 96, 104, 54 S. Ct. 22, 25-26, 78 L. Ed. 196 (1933).

When the State offers evidence of prior acts to demonstrate intent, there must be a logical theory, *other than propensity*, demonstrating how the prior acts connect to the intent required to commit the charged offense. That a prior act "goes to intent" is not a "magic [password] whose mere incantation will open wide the courtroom doors to whatever evidence may be offered in [its name]." *Saltarelli*, 98 Wn.2d at 364, citing *United States v. Goodwin*, 492 F.2d 1141, 1155 (5th Cir. 1974).[2]

### b. Inference of Intent
### Propriety

The inquiry here is whether it is legally appropriate to infer from Wade's past acts intent to deliver in the present act. Wigmore describes the nature of this inference as at least a three-step process because "an act is not evidential of another act"; there must be an intermediate step in the inference process that does not turn on propensity. "[I]t cannot be argued: Because A did an act last year, therefore he probably did the act X as now charged." JOHN HENRY WIGMORE, EVIDENCE § 192, at 1857 (Peter Tilbert ed., 1983).

When the State seeks to prove the element of criminal intent by introducing evidence of past similar bad acts, the State is essentially asking the fact finder to make the fol-

---

[2]Evidentiary rulings under ER 404(b) are highly fact-driven resulting in divergent results in the Washington courts.

lowing inference: Because the defendant was convicted of the same crime in the past, thus having then possessed the requisite intent, the defendant therefore again possessed the same intent while committing the crime charged. If prior bad acts establish intent in this manner, a defendant may be convicted on mere propensity to act rather than on the merits of the current case.

Use of prior acts to prove intent is generally based on propensity when the only commonality between the prior acts and the charged act is the defendant. To use prior acts for a nonpropensity based theory, there must be some similarity among the facts of the acts themselves. Wigmore calls this the "abnormal factor" that ties the acts together. WIGMORE, § 302. Once this connection is established, then other reasonable inferences, such as intent or motive, can logically flow from introduction of the prior acts.

In *State v. Holmes*, the defendant was charged with burglary; the State sought to introduce previous theft convictions to show intent in the charged act. *State v. Holmes*, 43 Wn. App. 397, 717 P.2d 766 (1986). The court held that before prior acts can be admitted to show intent, the prior acts "must have some additional relevancy beyond mere propensity." *Id*. at 400-01. This additional relevancy turns on the facts of the prior acts themselves and not upon the fact that the same person committed each of the acts. Otherwise, the only relevance between the prior acts and the current act is the inference that once a criminal always a criminal. It is the facts of the prior acts, not the propensity of the actor, that establish the permissive inference admissible under ER 404(b).

Using Wade's prior bad acts to prove current criminal intent, however, is tantamount to inviting the following inference: Because Wade had the same intent to distribute drugs previously, he must therefore possess the same intent now. ER 404(b) forbids such inference because it depends

on the defendant's propensity to commit a certain crime.[3] This forbidden inference is rooted in the fundamental American criminal law belief in innocence until proven guilty, a concept that confines the fact finder to the merits of the current case in judging a person's guilt or innocence. Eric D. Lansverk, Note, *Admission Of Evidence Of Other Misconduct In Washington To Prove Intent Or Absence Of Mistake Or Accident: The Logical Inconsistencies Of Evidence Rule 404(b)*, 61 WASH. L. REV. 1213 (1986). For this reason, we do not generally allow propensity, or character evidence, to establish a basis for criminal conviction.

## c. Record

■ Here the trial court admitted evidence of Wade's prior offenses to prove intent, on condition that the prosecution tie the offenses to intent. Thus, although the trial court identified intent as the purpose, it failed to balance probative value against unfair prejudice on the record as required by *Jackson*, 102 Wn.2d 689. "[A] trial [court] errs when [it] does not enunciate the reasons for [its] decision." *Id*. at 694.

■ The record supplied[4] reflects Wade's effort to renew his objection to admission of prior convictions and actions. But the record is silent as to how the trial court related Wade's prior acts to intent. Wade offered no defense; nor did he claim mistake, inadvertent possession, or that he was the wrong defendant (identity). Thus it appears from the silent record, that the only reasonable inference from Wade's prior acts is as follows: Because the previous convictions are for the same type of crime, including the requisite intent, Wade was predisposed to have that same intent on the current occasion. Such evidence and inference merely

---

[3]There are other circumstances in which prior acts may properly prove intent beyond mere propensity to act such as using prior acts to show a certain plan, which can imply intent. Such use of prior acts turns on the facts of the acts themselves, not on the propensity of the defendant to commit the acts.

[4]The motion in limine had been heard at an earlier date and the record of those proceedings was not made a part of the record of appeal.

establish Wade's propensity to commit drug sale offenses. No matter how relevant such propensity evidence may be, ER 404(b) has already completed the balancing test in favor of excluding such evidence. We thus conclude that the trial court erred in admitting Wade's prior acts to prove intent.

## 2. Harmless Error

We now turn to the question of whether this error is nonetheless harmless. The record clearly indicates no. After considering the amount of drugs, the location of the arrest, and the officer's expert testimony concerning quantity for distribution, the trial court stated:

> [b]ut if that were alone, I would still have problems. But I put this with—and this is a prior—it is not the convictions per se. It is the actions and activities of this young man which he previously pled to so they are at least, in essence, admitted. And guilty pleas were entered for all purposes.
>
> But the circumstances of those, which, relative to similar acts, similar or close area, within—and as far as I'm concerned, within a year period, within a relative time, they all indicate intent. And the intent is the key. What was his intention?
>
> And I can find nothing that even gives me a shadow of concern beyond a reasonable doubt that was his intention. He had those drugs in that area on his person with intent to deliver. And, accordingly, I will find him guilty.

Had evidence of Wade's past convictions been excluded, the court would not have found Wade guilty beyond a reasonable doubt of possession with intent to deliver. Thus, because the outcome of the trial would have differed without the evidence of prior bad acts, the trial court's error in admitting this evidence was not harmless. *Jackson*, 102 Wn.2d 689.

### 3. Sufficiency of Evidence–Intent to Distribute
#### a. Quantity of cocaine

The appropriate test for determining sufficiency of

the evidence is, whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). We will not reverse on appeal a verdict supported by substantial evidence. *Id.* But when the evidence is not sufficient to support the conviction, we must reverse. *State v. Ong*, 88 Wn. App. 572, 578, 945 P.2d 749 (1997); *State v. Worland*, 20 Wn. App. 559, 568-69, 582 P.2d 539 (1978) "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

Here, the trial court specifically stated that without the ER 404(b) evidence of past convictions, it had "problems" with sufficiency of evidence of Wade's intent to deliver. We conclude that the trial court weighed the evidence as a rational trier of fact and defer to its assessment of the evidence.

Discounting the inadmissible prior acts under ER 404(b), the following competent evidence remains: (1) When the arresting officer first saw Wade, Wade was walking away from a van; (2) the nine rocks of cocaine Wade dropped was of a quantity normally held for sale, according to expert police testimony; and (3) Wade had stated 10 months earlier that he does not use cocaine. Wade did not assign error to the fact that no drug paraphernalia was found on his person; this unchallenged finding of fact is treated as a verity on appeal. *State v. Gentry*, 125 Wn.2d 570, 605, 888 P.2d 1105 (1995).

Division One has considered whether bare possession can give rise to an inference of intent to distribute and has concluded that mere possession without additional factors cannot support an inference of intent. *State v. Brown*, 68 Wn. App. 480, 843 P.2d 1098 (1993). The evidence in *Brown* consisted of 20 rocks of cocaine and expert testimony by a police officer familiar with cocaine sales. The court determined that relying on such evidence "would mean

that any person possessing a controlled substance in an amount greater than some experienced law enforcement officer believes is 'usual' or 'customary' for personal use is subject to conviction for possession with intent to deliver." *Brown*, 68 Wn. App. at 485. The court held that possession, coupled with an officer's expert opinion, is insufficient to justify a conviction for possession with intent to deliver; there must be an additional factor beyond mere possession. *Brown*, 68 Wn. App. at 485. Division Three agrees with Division One and does not allow the fact finder to infer intent to distribute from simple possession, without additional facts. *State v. Lopez*, 79 Wn. App. 755, 767-68, 904 P.2d 1179 (1995); *State v. Hutchins*, 73 Wn. App. 211, 216, 868 P.2d 196 (1994).

Some other state courts have reached similar conclusions. A New York court ruled that mere possession would not be enough to allow an inference of intent, but a large quantity coupled with the additional fact that it was divided into 33 small packages supports such an inference. *People v. Fallen*, 249 A.D.2d 771, 672 N.Y.S.2d 157, *appeal denied*, 92 N.Y.2d 879, 700 N.E.2d 564, 678 N.Y.S.2d 26 (1998). The Idaho courts hold that quantity is insufficient to give rise to an inference of intent to deliver. *State v. Randles*, 117 Idaho 344, 787 P.2d 1152 (1990). Florida courts reach the same conclusion, but reason that allowing officers to testify about what quantity signifies an intent to deliver invades the province of the jury. *Fluellen v. State*, 703 So. 2d 511 (Fla. Dist. Ct. App. 1997); *Gamble v. State*, 644 So. 2d 1376 (Fla. Dist. Ct. App. 1994).

Yet other states do allow quantity alone to give rise to an inference of intent to distribute. A California court has allowed such evidence to imply intent. *People v. Carter*, 55 Cal. App. 4th 1376, 64 Cal. Rptr. 2d 747 (1997). Kansas's courts allow such inferences from quantity if coupled with testimony that the quantity exceeds that normally held for personal consumption. *State v. Heiskell*, 21 Kan. App. 2d 105, 896 P.2d 1106 (1995). Illinois courts likewise allow quantity if the amount reasonably cannot be considered

normal for personal use. *People v. Rivera*, 293 Ill. App. 3d 574, 688 N.E.2d 752 (1997); *People v. Robinson*, 167 Ill. 2d 397, 657 N.E.2d 1020, 212 Ill. Dec. 675 (1995). Finally, the Ninth Circuit approves allowing possession of a large quantity of cocaine to give rise to an inference of intent to distribute. *United States v. Ocampo*, 937 F.2d 485 (9th Cir. 1991); *United States v. Savinovich*, 845 F.2d 834, 838 (9th Cir. 1988).

The courts that allow quantity as circumstantial evidence of intent to deliver, do so primarily when the quantity of drugs is large. The California case, *Carter*, involved 27.4 grams of cocaine. 64 Cal. Rptr. 2d 747. Officers seized twenty pounds of marijuana and 172 plants in the Kansas case, *Heiskell*. 896 P.2d 1106. In *Ocampo*, the evidence was 82 kilograms of cocaine found at one location alone. 937 F.2d 485. In contrast, *Robinson*, from Illinois, found that 2.8 grams of cocaine could reasonably be considered for personal use, thus refusing to allow that quantity to give rise to an inference of intent to distribute. *Robinson*, 657 N.E.2d 1020.

It appears that at some point, the quantity of drugs could be large enough to raise an inference that the drugs were possessed with intent to distribute. But here, nine rocks of cocaine, weighing a total of 1.3 grams, were not of sufficient quantity from which to infer intent to distribute.

### b. Other evidence

It is clear that Wade possessed the narcotics. The only additional pieces of evidence, other than possession and the officer's expert testimony, are Wade's statement that he does not use cocaine and that the officer first observed Wade walking away from a van, with which the record reflects no contact. We agree with Wade that there is insufficient evidence to support an inference of intent to deliver those narcotics.

Generally, the cases finding sufficient corroborating evi-

dence contain additional factors[5] that are substantially related to distribution of drugs, rather than simple possession, as the court required in *State v. Hagler,* 74 Wn. App. 232, 872 P.2d 85 (1994). Thus, in *State v. Hutchins,* 73 Wn. App. 211, because there was no drug paraphernalia, no packaging materials, no scales, no separate packaging, there was insufficient evidence to support a conviction for possession with intent to deliver.

Here, there are no such additional facts. Wade was neither observed having any contact with the van nor doing any act that might be considered delivery of drugs; he was observed only walking away from the van. As to Wade's presence in the Hilltop area, a high drug-activity area, he lives there; his address is listed on Trafton. According to the map presented by the State, Trafton is seven or eight blocks from where the incident occurred. Wade goes to school in the area, attending Jason Lee Middle School. His mere presence in the area does not give rise to an inference of intent to deliver drugs. The fact that he took flight when the officer asked him to stop is not persuasive evidence of intent to deliver; rather it was also consistent with evading a simple possession charge, as explained in *Hagler,* 74 Wn. App. 232.

■■■ We hold that the admissible evidence is insufficient to support a conviction for possession of a controlled

---

[5]In *State v. Miller,* 91 Wn. App. 181, 955 P.2d 810 (1998), sufficient evidence to support an intent to deliver charge consisted of drugs packaged for individual use, empty drug packaging materials, a "sales" list with names, numbers and monetary marks, and a knife. The possession of packaging materials, processing materials, and cash can be sufficient evidence. *State v. Taylor,* 74 Wn. App. 111, 872 P.2d 53 (1994). Also, activities consistent with drug sales, such as trading small packages for currency, have been considered sufficient evidence for a conviction of intent to deliver. *State v. Thomas,* 68 Wn. App. 268, 843 P.2d 540 (1992). Possession of large sums of cash also can be sufficient evidence to allow an inference of intent to distribute. *State v. Lopez,* 79 Wn. App. 755, 904 P.2d 1179 (1995); *State v. Hagler,* 74 Wn. App. 232, 872 P.2d 85 (1994). In *Hagler,* the court noted that the defendant, in addition to possessing a large sum of cash, also gave a false name, was nervous, and took flight. *Id.* at 236. But, this evidence may indicate guilt about possession as well as intent. Therefore, the court noted that "[t]he additional factor must be suggestive of sale as opposed to mere possession in order to provide substantial corroborating evidence of intent to deliver." *Id.*

substance with intent to deliver, but it is sufficient to support a conviction for simple possession.

## CONCLUSION

We reverse and remand for entry of judgment and resentencing on the lesser included crime of possession.[6]

SEINFELD and ARMSTRONG, JJ., concur.

---

[6]"An appellate court that reverses a conviction of possession with intent to deliver on grounds of insufficiency of the evidence may remand the case for entry of an amended judgment on the lesser included offense of possession." *State v. Robbins*, 68 Wn. App. 873, 877, 846 P.2d 585 (1993) (citations omitted).