IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CARI MARIE FLEWELLING, | ) | |
| | ) | No. 39855-2-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS ROBERT FLEWELLING, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

STAAB, A.C.J. — Cari Flewelling was granted a domestic violence protection order (DVPO) against her former spouse Douglas Flewelling.[1]  When the trial court granted Cari the DVPO, it denied her request for attorney fees and again denied the request on a motion for reconsideration.  Cari appeals, arguing that the trial court erred in denying her requests for attorney fees.

We decline to review the matter because the record on appeal is insufficient to determine whether the trial court abused its discretion.

---

[1] The parties will be referred to by their first names to avoid confusion due to their shared last names.  No disrespect is intended.

BACKGROUND

Cari Flewelling and Douglas Flewelling are former spouses who share children in common. Cari was granted a DVPO against Douglas on April 17, 2023. Cari requested that Douglas be ordered to pay attorney fees associated with filing the petition for the DVPO and a subsequent revision. Presumably, the court denied Cari's request. In the DVPO, the section ordering the restrained person to "Pay Fees and Costs" was struck by the trial judge. Clerk's Papers (CP) at 5. Cari then filed a motion for reconsideration on the request for attorney fees and that request was denied by the trial court. The trial court made only one finding in its written order denying reconsideration that stated, "upon its discretion, the court will not change its prior ruling." CP at 19.[2]

Cari appealed the denial of her request for attorney fees. During the pendency of her appeal, she notified the court that she would not be filing a statement of arrangements. Thus, the record on appeal does not include transcripts from the hearings where Cari's requests for attorney fees were denied.

ANALYSIS

Cari's assignments of error claims that the trial court abused its discretion by denying her attorney fees after granting her a DVPO. Because the record on appeal is insufficient, we decline to consider the issue.

---

[2] An attorney represented Cari in filing the petition, revision, and motion for reconsideration. On appeal, Cari represents herself pro se.

This court applies a two-part review to a trial court's decision to award or deny attorney fees. *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). First, the court "review[s] de novo whether there is a legal basis for awarding attorney fees by statute, under contract, or in equity." *Id*. Second, the court reviews "a discretionary decision to award or deny attorney fees . . . for an abuse of discretion." *Id*.

Here, there is a statutory legal basis for awarding attorney fees. When a court issues a protection order, they have broad discretion to grant relief, including in the form of attorney fees. RCW 7.105.310. Cari was granted a DVPO, so the trial court had the legal authority under RCW 7.105.310 to order Douglas to pay her attorney fees. In other words, the trial court could award attorney fees, but was not required.

Because the trial court's decision to deny Cari's attorney fees was discretionary, we next consider whether the trial court abused its discretion. *Gander*, 167 Wn. App. at 647. A court abuses its discretion by making a decision that is "'manifestly unreasonable or is based on untenable grounds or untenable reasons.'" *Wood v. Milionis Constr., Inc.*, 198 Wn.2d 105, 119, 492 P.3d 813 (2021) (quoting *Bird v. Best Plumbing Grp., LLC*, 175 Wn.2d 756, 774-75, 287 P.3d 551 (2012)). A decision is manifestly unreasonable or based on untenable grounds if it is "unsupported by the record or result[s] from applying the wrong legal standard." *Gilmore v. Jefferson County Pub. Transp. Benefit Area*, 190 Wn.2d 483, 494, 415 P.3d 212 (2018). The reviewing court "must be convinced that '*no reasonable person* would take the view adopted by the trial court,'" which means there is

no "'abuse of discretion simply because [the reviewing court] would have decided the case differently.'" *Wood*, 198 Wn.2d at 119 (quoting *Gilmore*, 190 Wn.2d at 494).

To determine whether the trial court abused its discretion, an appellate court looks to the record to determine the trial court's reasoning. On appeal, the appellant bears the "burden of providing an adequate record" so the reviewing court is "apprised of all necessary evidence to decide the issues presented." *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012); *Tacoma S. Hosp., LLC v. Nat'l Gen. Ins. Co.*, 19 Wn. App. 2d 210, 220, 494 P.3d 450 (2021). The "record on review" may include clerk's papers, a report of proceedings, and exhibits. RAP 9.1(a).

If the appellant fails to meet their burden of perfecting the record, the reviewing court may decline to address the merits of an issue. *Sisouvanh*, 175 Wn.2d at 619. We attempt to avoid such harsh results by overlooking technical violations and considering issues when the nature of the challenge is clear. *See* RAP 1.2(a); *Green River Cmty. Coll., Dist. No. 10 v. Higher Educ. Pers. Bd.*, 107 Wn.2d 427, 431, 730 P.2d 653 (1986); *Stiles v. Kearney*, 168 Wn. App. 250, 260, 277 P.3d 9 (2012). But in considering whether a trial court abused its discretion, we must have the complete record of the court's reasoning.

4

In *State v. Wade*, 138 Wn.2d 460, 463, 979 P.2d 850 (1999), our Supreme Court held that Division Two of the Court of Appeals could not properly determine whether the trial court abused its discretion without the record of the evidentiary hearing. *Wade*, 138 Wn.2d at 466. The Supreme Court noted that:

> In response to Wade's renewed motion, the trial court mainly explained that it adhered to its prior ruling. And although the prior acts were cited as evidence in the State's closing argument and the court's final decision, those allusions are no substitute for the trial court's reasoning in admitting the evidence. Finally, the Court of Appeals . . . having acknowledged that "the record [was] silent as to how the trial court related Wade's prior acts to intent," the court went on to infer the trial court's analysis "from the silent record."

*Wade*, 138 Wn.2d at 464-65 (quoting *State v. Wade*, 92 Wn. App. 885, 893, 966 P.2d 384 (1998)).

Here, the record before us is inadequate for review. We do not know whether the trial court made findings concerning attorney fees or what arguments were raised by the parties concerning the fees. Like the record provided in *Wade*, the only information in the record here, as to why the trial court denied Cari's attorney fees, was the judge's note that "upon its discretion, the court will not change its prior ruling." CP at 19. As the appellant, Cari has the burden to provide the record, and she failed to provide a report of proceedings with the trial court's reasoning. Thus, we decline to review the issues she raises on appeal.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Pennell, J.

_____
Cooney, J.