[No. 27693-0-I.   Division One.   January 19, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK JAMES BROWN, *Appellant*.

*Patricia Novotny* and *Anna-Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Georgina Sierra, Deputy,* for respondent.

FORREST, J. — Appellant Frank Brown appeals his conviction for possession of cocaine with intent to deliver contending the evidence does not support an intent to deliver, and requesting reversal based on the State's failure to file written findings of fact and conclusions of law until more than 6 months after appellant's notice of appeal. We reverse and remand for sentencing for possession.

Juveniles Frank Brown and Thomas Lee were standing on the sidewalk in the 1400 block of 21st Avenue, alternately drinking from a bottle of beer at 9:45 p.m. on October 19, 1989.[1] Brown lived around the corner. Officers Donald Bolton and Miles Hawkes were patrolling the neighborhood, which the officers characterized as a high narcotics area. The officers drove toward Brown and Lee, intending to cite them for a liquor violation. As they got out of their marked car and asked the boys to approach them, Lee dropped the bottle, and he and Brown ran between houses near where they had been standing. Officer Bolton pursued Brown for

---

[1] Both Brown and the State incorrectly state the date as October 19, 1990. However, the information indicates the correct year is 1989.

50 to 60 feet, at which point Brown slowed down and then stopped. As Brown did so, he dropped a baggie containing white objects on the ground near his feet. Bolton recovered the baggie containing what he suspected was crack cocaine, and arrested Brown.

Brown was initially charged by information in the Juvenile Department of King County Superior Court with possession of cocaine (count 1) and alcohol possession/consumption by a minor (count 2). After plea bargaining failed, the State amended the charges. The second amended information charged Brown with possession of cocaine with intent to deliver (count 1)[2] and obstructing a public servant (count 2).[3]

Officer Bolton testified that the area he was patrolling at the time of Brown's arrest was a "high narcotics area". However, he acknowledged that he did not see either Lee or Brown do anything indicative of a drug sale.

Officer Hawkes testified about his extensive experience in narcotics enforcement, although he was not specifically certified as an expert. He testified that the street value of the crack found on Brown was worth about $400, and that most users only carry one to two pieces, at most four pieces, of crack for personal use. Officer Hawkes testified that the approximately 20 rocks of crack Brown carried was "definitely in excess of the amount commonly possessed for personal use only." Hawkes concluded, "this is an exceedingly large amount to be possessed for personal use only. And this is definitely possessed with the intent to deliver." Steve Benarian, a forensic scientist with the Washington State Crime Laboratory, weighed and tested the contents of the baggie and determined the substance contained cocaine and weighed 5.1 grams. Brown appeals from the conviction of both counts.

The findings of fact and conclusions of law were filed on August 16, 1991, more than 6 months after the notice of appeal was filed.

---

[2] RCW 69.50.401(a).

[3] RCW 9A.76.020(3).

## SUFFICIENCY OF THE EVIDENCE

■ Brown challenges the sufficiency of the evidence of intent to sustain his conviction for possession with intent to deliver a controlled substance. In determining the sufficiency of the evidence, the test is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Grover*, 55 Wn. App. 923, 930, 780 P.2d 901 (1989), *review denied*, 114 Wn.2d 1008 (1990).[4] "Circumstantial evidence is no less reliable than direct evidence; specific criminal intent may be inferred from circumstances as a matter of logical probability." *State v. Zamora*, 63 Wn. App. 220, 223, 817 P.2d 880 (1991).

■ Washington case law forbids the inference of an intent to deliver based on "bare possession of a controlled substance, absent other facts and circumstances[.]" *State v. Harris*, 14 Wn. App. 414, 418, 542 P.2d 122 (1975), *review denied*, 86 Wn.2d 1010 (1976). In *State v. Cobelli*, 56 Wn. App. 921, 788 P.2d 1081 (1989), the court found possession of several baggies containing a total of 1.4 grams of marijuana was insufficient to establish even a prima facie case of intent to deliver. In *State v. Kovac*, 50 Wn. App. 117, 747 P.2d 484 (1987), the court found mere possession of seven baggies containing a total of 8 grams of marijuana insufficient to establish possession with intent to deliver. In *State v. Liles*, 11 Wn. App. 166, 521 P.2d 973, *review denied*, 84 Wn.2d 1005 (1974) the court reversed the conviction for possession of heroin with intent to deliver where the evidence showed mere possession of a baggie containing 6.88 grams of 5 percent heroin. In *State v. Johnson*, 61 Wn. App. 539, 811 P.2d 687 (1991), a conviction for possession of cocaine with intent to deliver was reversed and remanded for resentencing on a lesser charge of simple possession where untainted evidence showed at most constructive possession of seven bindles of cocaine.

---

[4] *See also State v. Green*, 94 Wn.2d 216, 616 P.2d 628 (1980) (citing *Jackson v. Virginia*, 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)).

Washington cases where intent to deliver was inferred from the possession of a quantity of narcotics all involved at least one additional factor. For example, in *State v. Llamas-Villa*, 67 Wn. App. 448, 836 P.2d 239 (1992), possession of cocaine, heroin, and $3,200, combined with an officer's observations of deals, supported the inference of intent. *State v. Mejia*, 111 Wn.2d 892, 766 P.2d 454 (1989) held that 1½ pounds of cocaine combined with an informant's tip and a controlled buy supported an inference of intent to deliver. In *State v. Lane*, 56 Wn. App. 286, 297, 786 P.2d 277 (1989), 1 ounce of cocaine, together with large amounts of cash and scales supported an intent to deliver, where the court specifically noted that cocaine is commonly sold by the one-eighth ounce. *State v. Simpson*, 22 Wn. App. 572, 590 P.2d. 1276 (1979), held possession of cocaine, uncut heroin, lactose for cutting, and balloons for packaging supported an inference of intent to deliver. In *Harris* possession of five 1-pound bags of marijuana and scales evidenced intent to deliver. The federal cases are in accord with Washington law.[5]

This is a naked possession case. Brown had no weapon, no substantial sum of money, no scales or other drug paraphernalia indicative of sales or delivery, the rocks of cocaine were not separately packaged nor were separate packages in his possession, the officers observed no actions suggesting sales or delivery or even any conversations which could be interpreted as constituting solicitation. Although in a "high narcotics area", Brown was just around the corner from his home. Recognizing that the facts would not support a conviction of possession with intent to deliver under the Washington cases, the State primarily relies on Officer Hawkes's opinion that the 20 rocks of crack in Brown's possession were "definitely in excess of the amount commonly pos-

---

[5]*United States v. Ocampo-Guarin*, 968 F.2d 1406 (1st Cir. 1992); *United States v. Bell*, 954 F.2d 232 (4th Cir. 1992); *United States v. Munoz*, 957 F.2d 171 (5th Cir.), *cert. denied*, 113 S. Ct. 332 (1992); *United States v. Gardiner*, 955 F.2d 1492 (11th Cir. 1992); *United States v. Tanner*, 941 F.2d 574 (7th Cir. 1991), *cert. denied*, 112 S. Ct. 1190 (1992); *United States v. Poole*, 878 F.2d 1389 (11th Cir. 1989); *United States v. Prieto-Tejas*, 779 F.2d 1098 (5th Cir.), *reh'g denied*, 783 F.2d 1260 (1986); *United States v. Glenn*, 667 F.2d 1269 (9th Cir. 1982).

sessed for personal use" to support the inference of intent to deliver.

The State's position would mean that any person possessing a controlled substance in an amount greater than some experienced law enforcement officer believes is "usual" or "customary" for personal use is subject to conviction for possession with intent to deliver. This is inconsistent with the significant difference between the standard ranges for simple possession and for possession with intent. In Brown's case, the difference is an offender score of C and a standard sentence of 8 to 12 weeks versus an offender score of B+ and a standard sentence of 103 to 109 weeks.[6] This approximately tenfold difference strongly indicates that the Legislature views these crimes very differently indeed. The courts must be careful to preserve the distinction and not to turn every possession of a minimal amount of a controlled substance into a possession with intent to deliver without substantial evidence as to the possessor's intent above and beyond the possession itself.

Convictions for possession with intent to deliver are highly fact specific and require substantial corroborating evidence in addition to the mere fact of possession. Based on the facts before us, we hold that the officer's opinion as to what a person would carry for normal use is insufficient to justify a finding beyond a reasonable doubt that Brown possessed the cocaine in question with intent to deliver.

DELAY IN FINDINGS

■ Brown urges the court to vacate his conviction and dismiss the charges because the State failed to comply with Juvenile Court Rule 7.11(d).[7] Although the State was dila-

---

[6]RCW 13.40.

[7]"**Written Findings and Conclusions on Appeal.** The court shall enter written findings and conclusions in a case that is appealed. The findings shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision. The findings and conclusions may be entered after the notice of appeal is filed. The prosecution must submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal." JuCR 7.11(d).

tory in preparing the required findings and conclusions, the findings being entered more than 6 months past the due date, there being no showing of prejudice or tailoring of the findings, we decline to dismiss on this basis. *State v. Bennett*, 62 Wn. App. 702, 814 P.2d 1177 (1991), *review denied*, 118 Wn.2d 1017 (1992).

Brown's conviction of possession with intent to deliver cocaine is reversed and the case is remanded for sentencing for simple possession of cocaine.

GROSSE and KENNEDY, JJ., concur.