[No. 29660-4-I.   Division One.   May 16, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. WARREN D.
HAGLER, *Appellant*.

*Neal J. Philip* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Raymon Thomas, Deputy,* for respondent.

BECKER, J. — The sole issue on this appeal by Warren D. Hagler, a juvenile aged 16 when charged and tried, is whether the evidence at trial was sufficient to support his conviction for possession of cocaine with intent to deliver under RCW 69.50.401(a). We conclude that it was and affirm.

On September 28, 1991, at about 10 p.m., Seattle Police Department Officer Clay Stockwell stopped a car he observed speeding in northeast Seattle. He saw that the driver, Hagler, was hunched over and appeared to be nervously stuffing something under his seat.

Approaching the car, Officer Stockwell noticed four or five small white rocks, which appeared to him to be cocaine, balanced precariously on the window sill on top of the driver's door. As he was taking Hagler out of the car, Officer Stockwell saw white rocks around the car seat, on the floor, on the armrest of the car door, and falling from Hagler's lap. Officer Stockwell took approximately 24 white rocks of suspected cocaine from the scene. The State's forensic scientist later determined the weight to be 2.8 grams.

Looking into Hagler's open, bulging pocket, Officer Stockwell also saw a roll of cash, later found to total $342.

Hagler gave the officer a phony name. Then, while being led to a police car with his hands cuffed behind his back, Hagler broke free and ran down the street, jumping 10 feet down off an embankment. Officer Stockwell caught him, and Hagler was taken to the north precinct station by backup officers who had arrived.

A small baggie of marijuana (.2 grams) was found in Hagler's car. This was the basis for a conviction for possession of marijuana, which Hagler does not challenge on appeal.

At trial, Officer Stockwell testified that he had been a police officer for 2¹/₂ years, that he had made around 15 narcotics arrests in the past 2 years and that he had observed many more such arrests. Officer Stockwell was a member of the bike patrol unit, where, he said, the officers generally observe narcotics trafficking. Officer Stockwell also had some training from the narcotics section of the Seattle Police Department. He stated his opinion that the amount of cocaine Hagler had — 24 rocks — was inconsistent with possession for personal use. He also testified about the cash:

> Q: Is there anything that makes you feel that it is consistent in this case that the cocaine possessed was for intended sale?
>
> A: Along with the money in his pocket, the street value of the narcotics. It's approximately $120.00 per gram.

Officer Stockwell said in his experience and training, the common sale unit for cocaine was a rock, and a rock would sell on the street for roughly $20. The juvenile court admitted Officer Stockwell's opinion as to these matters.

The court found that the pieces of cocaine the State recovered from Hagler were:

> typical in size to those sold in individual street sale transactions for about $20 per piece as described by Officer Stockwell. The number of pieces of cocaine in State's Exhibit #1 indicates intended sale rather than possession for purely personal consumption.

The court found the $342 in cash "is consistent in amount and denominations, with proceeds of prior sales of narcotics". The cash, together with an amount of cocaine inconsistent with possession for personal use, satisfied the court that the State had proved intent to deliver. In addition, the court found:

> The respondent's attempts to provide false identification and flee from Officer Stockwell's custody while handcuffed indicate his consciousness of guilt.

■ In reviewing the sufficiency of the evidence in a criminal case, the question is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). The reviewing court must draw all reasonable inferences from the evidence in favor of the State and interpret those inferences most strongly against the defendant. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). This inquiry does not require us to determine whether we believe the evidence at trial established guilt beyond a reasonable doubt. *Green*, 94 Wn.2d at 221.

> Whether there is evidence legally sufficient to go to the jury is a question of law for the courts; but, when there is substantial evidence, and when that evidence is conflicting or is of such a character that reasonable minds may differ, it is the function and province of the jury to weigh the evidence, to determine the credibility of the witnesses, and to decide the disputed questions of fact.

(Footnote omitted.) *State v. Theroff*, 25 Wn. App. 590, 593, 608 P.2d 1254, *aff'd*, 95 Wn.2d 385, 622 P.2d 1240 (1980).

The statutory elements of possession of a controlled substance with intent to deliver are: (1) unlawful possession (2) with intent to deliver (3) a controlled substance; in this case, cocaine. RCW 69.50.401(a); *State v. Thompson*, 69 Wn. App. 436, 439, 848 P.2d 1317 (1993). Here, the only issue is whether a rational trier of fact could have found beyond a reasonable doubt the element of intent to deliver.

■ Washington case law forbids the inference of intent to deliver based on mere possession of a controlled substance, without more. *State v. Brown*, 68 Wn. App. 480, 483, 843 P.2d 1098 (1993). In *Brown*, we cautioned against the use of opinion testimony to inflate a "naked possession" case into one with stiffer penalties:

> The courts must be careful to preserve the distinction and not to turn every possession of a minimal amount of a controlled substance into a possession with intent to deliver without substantial evidence as to the possessor's intent above and beyond the possession itself.
>
> Convictions for possession with intent to deliver are highly fact specific and require substantial corroborating evidence in addition to the mere fact of possession.

*Brown*, at 485; *see also State v. Hutchins*, 73 Wn. App. 211, 868 P.2d 196 (1994).

■■ In *Brown*, the State charged the defendant, a juvenile, with possession of cocaine, later amended to possession with intent to deliver. Although the officer did not see either Brown or the other boy he was with do anything to indicate a drug sale, the officer testified that he had extensive experience in narcotics enforcement and that the approximately 20 rocks of crack he recovered from Brown were " 'definitely in excess of the amount commonly possessed for personal use only' ". The officer said, " 'this is an exceedingly large amount to be possessed for personal use only. And this is definitely possessed with the intent to deliver.' " 68 Wn. App. at 482. We held the officer's opinion about what a person would carry for normal use to be insufficient as corroborating evidence. 68 Wn. App. at 485.

At least one additional factor is required for an inference of intent to deliver. 68 Wn. App. at 484. In this case, we exclude from consideration the State's argument that Hagler's nervousness, his giving a false name and his flight show consciousness of guilt and therefore provide further evidence from which the factfinder could infer intent to deliver. These facts beg the question of *which* of the two possible crimes Hagler felt guilty about — do his actions show that he knew he possessed cocaine or that he knew he intended to deliver it? The additional factor must be suggestive of sale as opposed to mere possession in order to provide substantial corroborating evidence of intent to deliver.

We have allowed the inference of intent to deliver to be drawn where the defendant possessed drugs along with a gram scale and $850 in cash. *State v. Lane*, 56 Wn. App. 286, 297-98, 786 P.2d 277 (1989). Here, accompanying the possession of 24 rocks of cocaine, the additional element suggestive of sale is the sum of $342 in the hands of a juvenile. The inference from that much cash provided circumstantial evidence for the trial court to weigh in deciding that the State had met its burden of proof.

> Circumstantial evidence is no less reliable than direct evidence; specific criminal intent may be inferred from circumstances as a matter of logical probability.

*State v. Zamora*, 63 Wn. App. 220, 223, 817 P.2d 880 (1991).

Viewing the amount of drugs and cash possessed by a juvenile in the light most favorable to the State, a rational trier of fact could find beyond a reasonable doubt that Hagler possessed the cocaine with intent to deliver. Accordingly, we affirm.

PEKELIS, A.C.J., and AGID, J., concur.