[No. 46826-0-I.   Division One.   June 11, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. NGO THO HUYNH, *Appellant*.

*Oliver R. Davis* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *David M. Seaver, Deputy*, for respondent.

COLEMAN, J. — After police observed Ngo Tho Huynh receive cocaine in an apparent narcotics transaction, they arrested him and the State charged him with possession of cocaine with intent to deliver. Huynh sought to admit at trial a medical record containing statements he made to a treating physician blaming police for injuring his wrist and shoulder during his arrest. The trial court excluded the medical record and a jury found him guilty of possession of cocaine with intent to deliver. Huynh moved for an arrest of

judgment, contending that the State failed to prove his intent to deliver the cocaine. The trial court granted this motion and entered judgment instead on the lesser included offense of possession of cocaine. Huynh appeals.

Hearsay statements attributing fault that are not reasonably pertinent to diagnosis or treatment are not admissible under ER 803(a)(4). We therefore conclude that the trial court did not abuse its discretion by excluding Huynh's medical record. We also conclude that the evidence viewed in the light most favorable to the State is insufficient to establish beyond a reasonable doubt Huynh's intent to deliver the cocaine. Therefore, we affirm the trial court's arrest of judgment.

## STATEMENT OF FACTS

On January 6, 2000, Seattle Police Sergeant Roger Rusness and Seattle Police Detective Maria Vijarro watched Ngo Tho Huynh take a "white object wrapped up" from another man. According to Sergeant Rusness, Huynh attempted to hand the other man something. When Huynh saw the police, he ran. Sergeant Rusness watched Huynh toss the package over a railing onto an awning. After Sergeant Rusness told Detective Vijarro that Huynh had thrown the package, she retrieved it and discovered that it contained approximately 22 grams of warm, soft cocaine wrapped in a paper towel. Sergeant Rusness and Detective Vijarro arrested Huynh, and Detective Vijarro discovered $900 in $100 bills in his jacket outside of his wallet. The State charged Huynh with a Violation of the Uniform Controlled Substance Act (VUCSA) by unlawfully possessing cocaine with intent to deliver within 1,000 feet of a school bus stop.

Before trial in this case, Huynh sought to admit a medical record dated January 9, 2000, containing the following statements written by a physician at Harborview Medical Center:

PRESENT COMPLAINT: . . . states he was assaulted by police when he was arrested 3 days ago. Just got out of jail today [and] is here for eval[uation].

. . . .

HISTORY/PHYSICAL FINDINGS: . . . states he was assaulted by police who bent his r[ight] arm and hitting [sic.] in the face 3 days ago when p[atien]t was arrested. P[atien]t out of jail today came for evaluation. . . . pain [at] r[ight] hand and shoulder . . . for the last 72 hours.

. . . .

DIAGNOSIS: R[ight] wrist sprain.

The record reflects that this medical treatment occurred three days after he was arrested, which was three days before he was released on bail pending trial. After lengthy argument from Huynh's attorney and the prosecutor on the admissibility of the medical record, the trial judge stated: "I will reserve ruling on the admissibility of the substance of this document until I've heard cross-examination of the police officers, and possibly until I've heard the defendant's testimony, if he does testify." But during trial, Huynh's attorney did not ask Sergeant Rusness or Detective Vijarro about any injuries to Huynh. And Huynh did not testify. Nonetheless, Huynh's attorney again moved the trial court to admit the medical record containing allegations that the police injured Huynh during his arrest. After hearing arguments again, the trial court denied this motion because the officers were not given the opportunity to admit or deny the allegations during cross-examination. As a result, the medical record was excluded from trial.

At trial, the State presented evidence that the street value of the cocaine was approximately $2,700 to $2,800, the warm temperature and soft consistency of the cocaine indicated that it was freshly cooked, and the police discovered no drug paraphernalia on Huynh when he was arrested, indicative of personal use. Further, Sergeant Rusness and Detective Vijarro opined that they believed

Huynh's intent was to sell the cocaine. A jury found Huynh guilty of unlawfully possessing cocaine with intent to deliver within 1,000 feet of a school bus stop. Huynh moved for an arrest of judgment, contending that the State failed to establish his intent to deliver the cocaine. He also moved for a new trial on the possession of cocaine charge on the basis that the trial court committed reversible error when it excluded his medical report. The trial court granted Huynh's motion for arrest of judgment, but denied his motion for a new trial. It then entered judgment on the lesser included offense of possession of cocaine.

Huynh appeals, contending that the trial court erred by denying his motion for a new trial based on the trial court's exclusion of his medical record. And the State cross-appeals, contending that the trial court erred by granting Huynh's motion for arrest of judgment because the evidence is sufficient to support the jury's verdict that Huynh is guilty of possession of cocaine with intent to deliver.

## ISSUES

### I. Motion for a New Trial

Huynh contends that the trial court erred by denying his motion for a new trial based on the trial court's exclusion of his medical record, which would have demonstrated Sergeant Rusness's bias.[1]

"The grant or denial of a motion for a new trial is within the sound discretion of the trial court and will be reversed only for abuse of that discretion." *State v. Copeland*, 130 Wn.2d 244, 294, 922 P.2d 1304 (1996); *see* CrR 7.6. "Admissibility of evidence lies within the sound discretion of the trial court and the court's decision will not

---

[1] Huynh's medical record reflects that Huynh told the physician that "police" injured him during his arrest. Although the record reflects that Sergeant Rusness and Detective Vijarro arrested Huynh together, Huynh argues that the medical record is relevant only to Sergeant Rusness's credibility, not Detective Vijarro's. We therefore address only whether the medical record is admissible to establish Sergeant Rusness's bias.

be reversed absent abuse of that discretion." *State v. Hamlet*, 133 Wn.2d 314, 324, 944 P.2d 1026 (1997). If a party seeking admission of documentary evidence makes an offer of proof that "includes both inadmissible and admissible evidence, a ruling excluding the evidence is not erroneous." 5 KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE § 103.19, at 73 (4th ed. 1999) (footnote omitted) (citing *Kennard v. Mountain View Dev. Co.*, 69 Wn.2d 492, 496, 419 P.2d 154 (1966)).

■■ Under ER 607, the "credibility of a witness may be attacked by any party." Although the court may require that a witness be shown his or her prior inconsistent statement before he or she is asked about it at trial, extrinsic evidence of acts or conduct may be introduced to prove a witness's bias without first calling such acts or conduct to the witness's attention. *State v. Wilder*, 4 Wn. App. 850, 855, 486 P.2d 319 (1971); ER 613(a).

In this case, the trial court denied Huynh's motion to introduce the medical record because Huynh's attorney did not first question the officers about these allegations. But Huynh's attorney was not required to call to Sergeant Rusness's attention extrinsic evidence of acts or conduct contained in the medical record before that evidence was admissible to prove his bias. *See Wilder*, 4 Wn. App. at 855. Indeed, the State correctly concedes on appeal that the trial court excluded the medical report on incorrect grounds but urges this court to uphold the trial court's exclusion of the medical record under ER 803(a)(4). We can affirm on any grounds supported by the record. *State v. Bryant*, 97 Wn. App. 479, 490-91, 983 P.2d 1181 (1999), *review denied*, 140 Wn.2d 1026, *cert. denied*, 531 U.S. 1016 (2000).

■ " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). Unless a rule or statute provides otherwise, hearsay is not admissible at trial. ER 802. ER 803(a)(4) provides that "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or

present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are not excluded by the hearsay rule. Under ER 803(a)(4), "neutral statements of causation ('I was hit in the face') would normally be admissible, but a statement attributing fault ('Uncle Joe was beating me') may not be." 5B KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE § 803.23 at 469 (4th ed. 1999) (footnote omitted). For example, in cases involving abuse, statements attributing fault to a person living in a victim's household are reasonably pertinent to treatment and therefore admissible. *See, e.g., State v. Ashcraft,* 71 Wn. App. 444, 456-57, 859 P.2d 60 (1993). The rationale behind this rule is that such statements are " 'relevant to the prevention of recurrence of injury.' " *State v. Sims,* 77 Wn. App. 236, 239, 890 P.2d 521 (1995) (quoting *State v. Butler,* 53 Wn. App. 214, 221, 766 P.2d 505, (1989)).

In the present case, Huynh's medical record contains allegations that police assaulted him by bending his arm and hitting him in the face three days before he sought treatment. Huynh asserts that these statements are "relevant to medical treatment because [he] had been and was in the care and custody of the police—the source of the injuries—at the time of treatment." Reply Br. of Appellant, at 4. But Huynh points to no evidence to indicate that he remained in Sergeant Rusness's custody after Sergeant Rusness and Detective Vijarro brought him back to the precinct the day he was arrested. Indeed, the record indicates that Huynh was either in jail, at the hospital, or out on bail. Huynh does not explain how the identification of Sergeant Rusness as the person who allegedly caused his injuries would be relevant to prevent recurrence of injury in light of the fact that he was no longer in Sergeant Rusness's custody. Thus, Huynh's statements attributing fault to Sergeant Rusness are not relevant to the prevention of recurrence of injury. Further, statements explaining who caused the injuries in this case and whether that person's

actions constituted an assault[2] are not reasonably pertinent to diagnosis or treatment of Huynh's sprained wrist and sore shoulder. We therefore reject Huynh's argument that these hearsay statements are admissible under ER 803(a)(4).

Although it is debatable that remaining portions of Huynh's medical record may have been admissible at trial, Huynh sought admission of the entire medical record and did not argue to the trial court that the remaining portions of the medical record (that his arm was bent and his face was hit three days before he sought treatment) were independently admissible. As a result, the trial court's ruling excluding the medical record in its entirety is not erroneous. *See* 5 KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE, § 103.19, at 73. Accordingly, the trial court did not abuse its discretion by denying Huynh's motion for a new trial including this evidence.

## II. Arrest of Judgment

The State contends that the trial court erred by granting Huynh's CrR 7.4 motion for arrest of judgment because the evidence viewed in the light most favorable to the State was sufficient to establish beyond a reasonable doubt Huynh's intent to deliver the cocaine.

██ After a verdict or decision is rendered in a criminal case, a defendant may bring a motion in arrest of judgment for "insufficiency of the proof of a material element of the crime." CrR 7.4(a); *see also* CrR 7.4(b). "The evidence presented in a criminal trial is legally sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in a light most favorable to the state, could find the essential elements of the charged crime beyond a reasonable doubt." *State v. Longshore*, 141 Wn.2d 414, 420-21, 5 P.3d 1256 (2000). "Review of a trial court decision

---

[2] "An assault is an intentional touching or striking or cutting or shooting of another person that is harmful or offensive regardless of whether any physical injury is done to the person." 11 WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL, 35.50, at 453 (2d ed. 1994) (alteration omitted).

denying . . . a motion for arrest of judgment requires the appellate court to engage in the same inquiry as the trial court." *Longshore*, 141 Wn.2d at 420.

In this case, the State alleged that Huynh "unlawfully and feloniously did possess with intent to manufacture or deliver cocaine, a controlled substance and narcotic drug, and did know it was a controlled substance . . . [c]ontrary to RCW 69.50.401(a)(1)(i)." *See* RCW 69.50.401(a) ("[I]t is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."). At issue here is whether the State presented sufficient evidence to support the "intent to manufacture or deliver" element of this offense. RCW 69.50.401(a). This court must determine if any rational trier of fact could find beyond a reasonable doubt that Huynh possessed the cocaine with intent to deliver it from the evidence, viewed in a light most favorable to the State.

An inference of intent to deliver may not be based on " 'bare possession of a controlled substance, absent other facts and circumstances.' " *State v. Brown*, 68 Wn. App. 480, 483, 843 P.2d 1098 (1993) (quoting *State v. Harris*, 14 Wn. App. 414, 418, 542 P.2d 122 (1975)). Proof of mere possession of a large quantity of a controlled substance, without an additional factor, may not support a finding of intent to deliver. *State v. Hutchins*, 73 Wn. App. 211, 216, 868 P.2d 196 (1994). "The additional factor must be suggestive of sale as opposed to mere possession in order to provide substantial corroborating evidence of intent to deliver." *State v. Hagler*, 74 Wn. App. 232, 236, 872 P.2d 85 (1994). But a police officer's opinion that a defendant possessed more drugs than normal for personal use is insufficient as corroborating evidence to establish intent to deliver. *State v. Lopez*, 79 Wn. App. 755, 768, 904 P.2d 1179 (1995).

As an initial matter, Huynh's mere possession of a large quantity of a controlled substance alone and the officers' opinions that Huynh intended to deliver the cocaine do not support a finding of intent to deliver. Still, the State maintains that it presented additional corroborating evi-

dence to support a reasonable inference that Huynh intended to deliver the cocaine. First, it presented evidence that Huynh had $900 in one hundred dollar bills in his jacket that it argues is indicative of drug dealing. But the State itself acknowledges that the money likely was going to be exchanged for the drugs and would have been had the police not interrupted the transaction. Second, the State asserts that evidence of the cocaine being freshly cooked supports the inference that Huynh intended to sell the cocaine because dealers—not users—typically buy large amounts of cocaine from the manufacturer. But the record contains no evidence to indicate that a drug user could not receive drugs directly from a manufacturer. And finally, the State points to the fact that Huynh had no pipe or other paraphernalia indicative of personal use when he was arrested. While the absence of a pipe might indeed suggest that Huynh did not plan to use the cocaine shortly after he received it, the absence of any packaging materials, scales, or other paraphernalia typically used by drug dealers also suggests that he did not intend to sell the cocaine shortly after he received it. *See Hutchins*, 73 Wn. App. at 218 (concluding evidence did not support an intent to deliver where there were no packaging materials, no scales or other drug paraphernalia, and the drugs were not separately packaged).

We conclude that no rational trier of fact could find beyond a reasonable doubt that Huynh possessed the cocaine with intent to deliver based on the arguments presented by the State. Accordingly, we conclude that the trial court properly arrested judgment on that charge.

Affirmed.

BECKER, A.C.J., and GROSSE, J., concur.