# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 75052-6-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| AUTUMN RENE SINRUD, | ) | |
| | ) | |
| Appellant. | ) | FILED: October 2, 2017 |
| | ) | |

APPELWICK, J. — A jury convicted Sinrud of possession of a controlled substance and possession of a controlled substance with intent to deliver. Sinrud contends that the jury instructions amounted to a comment on the evidence. Under the law of the case doctrine, she contends that the evidence was insufficient to show possession and possession with intent to deliver. We find that the evidence is sufficient. But, we agree with Sinrud that the jury instructions were a judicial comment on the evidence. We reverse and remand for a new trial.

## FACTS

Police served a search warrant on Autumn Sinrud's residence on March 5, 2014. Sinrud resided there with three roommates: her mother and a couple that she knew through a mutual friend. As they entered, the police heard footsteps upstairs and a toilet flushing. They saw Sinrud walking away from the side of the upper floor that contained the bathroom. The police discovered a bag of heroin in the toilet. Next to the toilet, they found a lockbox containing approximately 14

grams—a half ounce—of methamphetamine. They found no drugs on Sinrud's person. But, they found small plastic baggies and $3,800 in cash in her room. In other rooms, including rooms occupied by her roommates, the police found other controlled substances.

Sinrud was charged with possession of a controlled substance (heroin and methamphetamine), and possession of a controlled substance with intent to deliver (methamphetamine). A jury found her guilty as charged. Sinrud appeals.

## DISCUSSION

Sinrud makes three arguments. First, she argues that under the law of the case doctrine, the evidence was insufficient to satisfy the elements as stated in the jury instructions. Second, she argues that the trial court commented on the evidence. Third, Sinrud argues, and the State concedes, that the possession conviction violates double jeopardy. In a statement of additional grounds for review (SAG), she argues that the trial court should have excluded a witness from the court room, a witness's testimony was unreliable, and the State committed discovery violations.

### I. Sufficiency of Evidence

We first address whether the evidence was sufficient to support Sinrud's convictions for possession and possession with intent to deliver. For this argument, she relies on the law of the case doctrine. Under the law of the case doctrine, jury instructions not objected to become the law of the case. State v.

Hickman, 135 Wn.2d 97, 102, 954 P.2d 900 (1998).[1] Accordingly, the State assumes the burden of proving otherwise unnecessary elements of the offense when such elements are included without objection. Id.

When determining whether there is sufficient evidence to prove the added element, the court asks whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. at 103.

Here, the "to convict" instructions for both the possession and possession with intent to deliver charges stated that Ms. Sinrud must have "knowingly" possessed methamphetamine or heroin. The State did not object to the to convict instructions. Thus, the State was required to prove that Sinrud knowingly possessed the controlled substances. Sinrud's sufficiency challenge assigns error to only the knowledge requirement that would apply under the law of the case doctrine. That is, she does not challenge the sufficiency of the evidence for the statutory elements of possession, or possession with intent to deliver. Rather, she challenges only the sufficiency of the evidence that she knew the identity of the substances.

Count I, possession of a controlled substance, involved heroin or methamphetamine. A reasonable juror could infer from the evidence that Sinrud

---

[1] Our Supreme Court has recently reaffirmed that the law of the case doctrine continues to apply in Washington, irrespective of the United States Supreme Court's abandonment of the doctrine. See State v. Johnson, No. 93453-3, slip op. at 2-3 (Wash. July 14, 2017), http://www.courts.wa.gov/opinions/pdf/934533.pdf.

knew that the heroin and methamphetamine were in fact heroin and methamphetamine.

Sinrud's roommate, Samantha Smith-Thomas, testified that she smoked methamphetamine with Sinrud. When asked whether her roommates ever gave her methamphetamine, Smith-Thomas stated that "I believe everybody did." She also testified that Sinrud would keep a "big scale" in her room.

The police found 14 grams of methamphetamine in the lockbox in the bathroom, which was where Sinrud was located when police arrived. Everett Police Officer Jarrod Seth testified that this was a half ounce, which is a "typical sale amount." They found $3,800 in cash in Sinrud's room, and Clint Lucci, a member of the Snohomish County Regional Drug Task Force, testified that amounts of cash such as this are often evidence of dealing.

The jury could therefore infer that Sinrud was a user of methamphetamine, and accordingly, knew that the substance she possessed was in fact methamphetamine. Sinrud had the tools, cash, and product associated with drug distribution. A jury could reasonably infer that Sinrud knew the identity of the substance she was using and distributing.

Regarding heroin, when the police entered the house, Sinrud was in the bathroom. Police saw her emerging from the side of the house that contained the bathroom, and heard a flushing sound coming from the toilet. The police ultimately found 49.2 grams of heroin worth roughly $2,400 in the toilet bowl. Smith-Thomas testified that she and her husband, who also resided with Sinrud, never used heroin. No evidence directly associated the heroin with Sinrud's mother.

The black lockbox found beside the toilet contained hypodermic needles and alcohol swabs commonly used with injection of heroin. It contained several pipes. One pipe was described by Officer Seth as typical for smoking heroin or meth. He explained that injecting and smoking were the two most common means of ingesting heroin. His testimony distinguished the pipes he found as those used to smoke methamphetamine and heroin, versus other types of pipes used to smoke marijuana.

These facts allowed the jury to infer that Sinrud possessed the heroin and the paraphernalia necessary to use it. And, it likewise could have inferred that Sinrud was attempting to dispose of $2,400 worth of heroin as police entered the residence, and therefore knew the identity of the substance. A reasonable jury could properly infer that Sinrud knowingly possessed heroin.

Sinrud analogizes to State v. Ong, 88 Wn. App. 572, 577, 945 P.2d 749 (1997), where the jury instructions contained a similar knowledge requirement. There, the court found insufficient evidence that the defendant knew the substance of the drugs. Id. at 578. But, in Ong the defendant had stolen the unknown pills from a friend. Id. at 575. Here, no evidence suggested that Sinrud stole the substances. Thus, in contrast to Ong, it was easier for the jury to draw the inference that Sinrud knew what she was using and/or selling.

The evidence was sufficient to show that Sinrud knew what substances she was in possession of and intended to deliver. The evidence satisfied the added element for possession and possession with intent to deliver.

II.   Jury Instructions

Sinrud argues that jury instruction 18 amounted to a judicial comment on the evidence. She argues that her conviction for possession with intent to deliver should therefore be reversed.

The Washington State Constitution does not allow judges to "charge juries with respect to matters of fact, nor comment thereon." WASH. CONST. art. IV, § 16. Instead, they "shall declare the law." Id. A jury instruction that does no more than accurately state the law pertaining to an issue does not constitute an impermissible comment on the evidence by the trial judge. State v. Woods, 143 Wn.2d 561, 591, 23 P.3d 1046 (2001). But, when a jury instruction does not accurately state the law, and instead essentially resolves a contested factual issue, it constitutes an improper comment on the evidence. See State v. Brush, 183 Wn.2d 550, 557, 353 P.3d 213 (2015).

Sinrud argues that jury instruction 18 amounted to a comment on the evidence. It stated:

> Mere possession of a controlled substance does not allow you to infer an intent to deliver a controlled substance. The law requires substantial corroborating evidence of intent to deliver in addition to the mere fact of possession. The law requires at least one additional corroborating factor.

(Emphasis added.)

Sinrud assigns error to the emphasized sentence. She concedes that, while the instruction is not a pattern instruction, it is premised on case law. However, Sinrud contends that the instruction told the jury that evidence of a single corroborating factor is enough evidence to find intent. In other words, she argues

that this language implied that one corroborating factor is necessarily "substantial corroborating evidence."

In sufficiency of evidence cases, this court has previously noted that "[a]t least one additional factor is required for an inference of intent to deliver." State v. Hagler, 74 Wn. App. 232, 236, 872 P.2d 85 (1994); see also State v. Brown, 68 Wn. App. 480, 484, 843 P.2d 1098 (1993) ("Washington cases where intent to deliver was inferred from the possession of a quantity of narcotics all involved at least one additional factor.").

But, in Brush, our Supreme Court explained that "legal definitions should not be fashioned out of courts' findings regarding legal sufficiency." 183 Wn.2d at 558. This is because such findings are merely "whether the specific facts in that case were legally sufficient for the court to uphold" the jury's finding. Id.

When appellate courts review for the sufficiency of evidence, they view the evidence in the light most favorable to the state and ask whether any rational jury could have found guilt beyond a reasonable doubt. State v. Green, 94 Wn.2d 216, 221, 616 P.2d 628 (1980), overruled on other grounds by Washington v. Recuenco, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006). By contrast, a jury must find guilt beyond a reasonable doubt. See id. Therefore, fashioning a jury instruction based on an appellate court's sufficiency holding effectively replaces the jury standard with the lesser appellate standard. As Brush concluded, this is error. 183 Wn.2d at 558. That error occurred in this jury instruction.

The instruction could be read to resolve for the jury that evidence of one corroborating factor was necessarily substantial corroborating evidence. We are

most troubled by the sequencing of the final two sentences of the instruction. It stated that "the law requires" substantial corroborating evidence. In the very next sentence, it stated that "the law requires" at least one additional factor. This conflated these two requirements such that a reasonable juror would have interpreted the second sentence to be defining the first. While one additional factor could amount to substantial corroborating evidence, it does not necessarily establish that. But, that is what this instruction implied.

The State argues that any instruction error was harmless. An erroneous jury instruction that omits an element of the charged offense or misstates the law is subject to harmless error analysis. State v. Thomas, 150 Wn.2d 821, 844, 83 P.3d 970 (2004), abrogated in part on other grounds by Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). A judicial comment is presumed prejudicial and is not prejudicial only if the record affirmatively shows no prejudice could have resulted. State v. Levy, 156 Wn.2d 709, 725, 132 P.3d 1076 (2006).

Here, prejudice could have resulted. No direct evidence showed that Sinrud intended to deliver methamphetamine. The jury heard evidence that she had large amounts of cash. It heard evidence that she possessed a scale. She possessed small baggies. Smith-Thomas testified that her roommates had given her methamphetamine. No evidence was presented that Sinrud made any actual sales. The question is whether the evidence of intent to deliver is both substantial and corroborating. Yet, the instruction would have allowed the jury conclude its deliberation after finding just one of those factors was present. We do not know

8

whether the jury concluded the evidence of intent to deliver was substantial. Nor do we know if the jury considered all of the evidence of intent to deliver, because it was instructed that finding one additional factor was enough. Instruction 18 was a comment on the evidence. The error was not harmless.

We reverse Sinrud's conviction for possession with intent to deliver. We remand for a new trial on that charge.

III. SAG

Sinrud makes three arguments in her SAG. Although we remand for a new trial on the possession with intent to deliver charge, we address Sinrud's SAG for purposes of reviewing only her conviction for possession of a controlled substance.[2]

First, she argues that the prosecutor violated an order in limine. The trial court excluded any testimony regarding who was the target of the warrant that elicited the drug evidence. Multiple times during trial, the prosecutor's question to witnesses referenced a warrant for "the home of Autumn Sinrud." But, Sinrud lived with three roommates. The police found about a pound of methamphetamine— worth between $12,000 and $15,000—in rooms belonging to others. Sinrud's roommates were also charged, but were not tried with Sinrud. Sinrud did not object to the prosecutor's statements below. Prosecutor misconduct arguments not

---

[2] In its sentencing memorandum, the State represented that the possession conviction and the possession with intent to deliver conviction should "merge." But, the judgment and sentence, in at least one area, notes that Sinrud was convicted of possession and possession with intent to deliver. Therefore, the record is unclear as to whether the possession conviction has in fact been "merged." We address the possession conviction under the assumption that it has not, to this point, been "merged" or vacated.

made below are waived unless it is flagrant, ill-intentioned, and incurable. State v. Charlton, 90 Wn.2d 657, 661, 585 P.2d 142 (1978). And, the statements do not identify who the target of the search warrant was. They merely describe the nature of the warrant and where it was executed: Sinrud's residence. This argument is waived.

Her second argument is that the trial court erred by not excusing a witness from the courtroom during a colloquy between counsel and the trial court. Because the court did not excuse the witness, she claims it "is just not known" whether the testimony was "legit and totally truthful." But, under RAP 2.5(a), an argument not made below is waived on appeal. She did not object to the witness' presence in the courtroom at the time. This argument is therefore waived.

Finally, she argues that the prosecutor failed to disclose in discovery a photograph used at trial. But, when the trial court asked if she objected to the photographs' admission, counsel replied "no." This argument is waived.

We affirm Sinrud's conviction for possession of a controlled substance. But, we reverse and remand for a new trial on the charge of possession with intent to deliver.

_____

WE CONCUR:

_____     _____
Spearman, J.                          Becker, J.