# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>LAFE WILLIAM HOTCHKISS, II,<br><br>Appellant. | No. 48963-5-II<br><br><br>PUBLISHED OPINION |

MAXA, J. – Lafe Hotchkiss, II appeals his conviction for possession of a controlled substance with intent to deliver – methamphetamine.[1]  Law enforcement discovered 8.1 grams of methamphetamine and $2,150 in cash in a search of Hotchkiss's residence, and during questioning Hotchkiss admitted that he was selling the methamphetamine to several customers.

Hotchkiss argues that, under the corpus delicti rule, there was insufficient corroborating evidence independent of his incriminating statement that he intended to deliver methamphetamine.  As a result, he argues that the trial court could not consider his statement and that without the statement there was insufficient evidence to convict him of possession with intent to deliver.

We hold that the quantity of the methamphetamine combined with the amount of cash in Hotchkiss's possession provided sufficient corroborating evidence of intent to deliver

---

[1] Hotchkiss also was convicted of possession of a controlled substance – heroin.  He is not appealing that conviction.

independent of Hotchkiss's incriminating statement to satisfy the corpus delicti rule.

Accordingly, we affirm Hotchkiss's conviction.

FACTS

Law enforcement officers executed a search warrant on Hotchkiss's residence in Vancouver. During the search, Hotchkiss admitted that he had an "8-ball" – approximately 3.8 grams – of methamphetamine in a safe and provided the officers with the code. Report of Proceedings at 271. He also stated that he procured about one 8-ball of methamphetamine every day and broke it down, and estimated that he had about 10 customers. Inside the safe, officers found 8.1 grams of methamphetamine and $2,150 in cash. The State charged Hotchkiss with possession of a controlled substance with intent to deliver – methamphetamine.

At a bench trial, officers testified about finding the methamphetamine and cash and about Hotchkiss's statement that he had 10 methamphetamine customers. After the State rested, Hotchkiss requested that the trial court disregard the testimony regarding his incriminating statement under the corpus delicti rule because there was insufficient evidence corroborating his statement. The court reserved its ruling on the corpus delicti issue.

Hotchkiss then testified that he and a woman who lived with him used three or four grams of methamphetamine per day. He also testified that the cash in the safe came from other people living at his residence, who paid rent of $1,150 per month in cash, and from his employment. He claimed that any statement he made to the officers about selling methamphetamine referred to his actions 20 years earlier.

On rebuttal, an officer with extensive experience dealing with methamphetamine users and sellers testified that a typical methamphetamine dose is 0.2 to 0.4 grams. He also testified

that it would be very rare that someone would possess eight grams of methamphetamine solely for personal use.

The trial court found that the quantity of methamphetamine in Hotchkiss's possession combined with the amount of cash recovered with the drugs was sufficient corroborating evidence to satisfy the corpus delicti rule. The court then found Hotchkiss guilty of possession of methamphetamine with intent to deliver.

Hotchkiss appeals his conviction.

ANALYSIS

A.     CORPUS DELICTI RULE

The corpus delicti rule prevents the State from establishing that a crime occurred solely based on the defendant's incriminating statement. *State v. Green*, 182 Wn. App. 133, 143, 328 P.3d 988 (2014). The State must present corroborating evidence independent of the incriminating statement that the charged crime occurred. *Id.* Without such corroborating evidence, the defendant's statement alone is insufficient to support a conviction. *State v. Dow*, 168 Wn.2d 243, 249-51, 227 P.3d 1278 (2010).

We review de novo whether sufficient corroborating evidence exists to satisfy the corpus delicti rule. *Green*, 182 Wn. App. at 143. In making this determination, we view the evidence and all reasonable inferences therefrom in the light most favorable to the State. *Id.* And we consider the totality of the independent evidence. *See State v. Aten*, 130 Wn.2d 640, 661, 927 P.2d 210 (1996). The independent evidence by itself need not be sufficient to support a conviction or even show that the offense occurred by a preponderance of the evidence; it must only support a logical and reasonable inference that the charged crime has occurred. *Id.* at 656.

In addition, the Supreme Court has stated that to satisfy the corpus delicti rule, "the independent evidence 'must be consistent with guilt and inconsistent with a [ ] hypothesis of innocence.' " *State v. Brockob*, 159 Wn.2d 311, 329, 150 P.3d 59 (2006) (quoting *Aten*, 130 Wn.2d at 660). The court stated that independent evidence is insufficient to corroborate a defendant's incriminating statement when it " supports 'reasonable and logical inferences of both criminal agency and noncriminal cause.' " *Brockob*, 159 Wn.2d at 329 (quoting *Aten*, 130 Wn.2d at 660). "In other words, if the State's evidence supports the reasonable inference of a criminal explanation of what caused the event and one that does not involve criminal agency, the evidence is not sufficient to corroborate the defendant's statement." *Brockob*, 159 Wn.2d at 330.

B.      CORROBORATING EVIDENCE ANALYSIS

Hotchkiss argues that under the corpus delicti rule, the State failed to present sufficient independent evidence to corroborate his incriminating statement that he intended to deliver methamphetamine and therefore the trial court could not consider that statement. We disagree.

1.      Possession of Methamphetamine and Cash

a.      Sufficiency of Evidence to Convict

Analyzing the corpus delicti rule in the context of a possession with intent to deliver charge requires an understanding of the evidence necessary to convict a defendant of that charge.

Several cases involving sufficiency of evidence *to convict* (rather than the corpus delicti rule) have addressed whether a finder of fact can draw an inference of intent to deliver from a defendant's possession of significant amounts of a controlled substance. The general rule is that "[m]ere possession of a controlled substance, including quantities greater than needed for

4

personal use, is not sufficient to support an inference of intent to deliver." *State v. O'Connor*, 155 Wn. App. 282, 290, 229 P.3d 880 (2010).

For example, in *State v. Brown* the defendant was in possession of 20 rocks of crack cocaine, which an officer testified was definitely more than the amount commonly possessed for personal use only. 68 Wn. App. 480, 482, 843 P.2d 1098 (1993). The court held that the possession of more than a normal amount needed for personal use did not provide sufficient evidence to establish an intent to deliver. *Id.* at 485. The court expressly rejected a rule that "any person possessing a controlled substance in an amount greater than some experienced law enforcement officer believes is 'usual' or 'customary' for personal use is subject to conviction for possession with intent to deliver." *Id.*

However, the cases also state that a finder of fact can infer intent to deliver from possession of a significant amount of a controlled substance plus at least one additional factor. *O'Connor*, 155 Wn. App. at 290; *Brown*, 68 Wn. App. at 484. And one of those additional factors is the defendant's possession of a large amount of cash. *O'Connor*, 155 Wn. App. at 290; *see also State v. Campos*, 100 Wn. App. 218, 223-24, 998 P.2d 893 (2000) (the defendant possessed a large amount of cocaine and $1,750 in cash); *State v. Hagler*, 74 Wn. App. 232, 236-37, 872 P.2d 85 (1994) (the defendant possessed a large amount of cocaine and $342 in cash); *State v. Lane*, 56 Wn. App. 286, 290, 297-98, 786 P.2d 277 (1989) (the defendant possessed enough cocaine for eight typical sales and $850 in cash). In fact, in *Brown* the court specifically noted when finding insufficient evidence of intent to deliver that the defendant did *not* possess a substantial amount of money. 68 Wn. App. at 484.

b.    Sufficiency of Corroborating Evidence

The same general rules for sufficiency of evidence to convict apply for corroborating evidence under the corpus delicti rule. Possession of a controlled substance standing alone cannot constitute sufficient corroborating evidence of an intent to deliver. *State v. Cobelli*, 56 Wn. App. 921, 925, 788 P.2d 1081 (1989); *see also State v. Whalen*, 131 Wn. App. 58, 63, 126 P.3d 55 (2005) (stating rule in the context of possession of pseudoephedrine with intent to manufacture methamphetamine). However, the corpus delicti rule is satisfied if "at least one additional factor, suggestive of intent" is present. *Whalen*, 131 Wn. App. at 63.

c.    Analysis

Here, the State presented evidence that (1) Hotchkiss had 8.1 grams of methamphetamine in his possession; (2) given an average dose size of 0.2 to 0.4 grams, such an amount typically would produce 20 to 40 doses; and (3) it would be very rare for a person to possess that amount merely for personal use. Under the general rule, this evidence standing alone would not be sufficient either to convict Hotchkiss of possession of methamphetamine with intent to deliver or to provide corroborating evidence under the corpus delicti rule.

But the State presented evidence of an additional factor suggestive of intent to deliver – $2,150 of cash in Hotchkiss's safe next to the methamphetamine. Under the cases discussed above, this methamphetamine and cash evidence would be sufficient to support a *conviction* for possession of methamphetamine with intent to deliver. *O'Connor*, 155 Wn. App. at 290. In addition, the possession of the methamphetamine combined with this additional factor should be sufficient to provide corroborating evidence of Hotchkiss's incriminating statement under the corpus delicti rule. *See Whalen*, 131 Wn. App. at 63.

2.    Reasonable Inference of No Intent

Hotchkiss argues that even if his possession of $2,150 supports an inference that he intended to deliver the methamphetamine, that evidence also is consistent with an innocent explanation – that the cash was rent money he collected and pay from his employment. He claims that under *Brockob*, possession of the cash cannot constitute corroborating evidence for his incriminating statement because it is not inconsistent with a hypothesis of innocence. 159 Wn.2d at 329.

As noted above, Hotchkiss is correct that the Supreme Court stated in *Brockob* – quoting its earlier decision in *Aten*, 130 Wn.2d at 660 – that to corroborate a defendant's incriminating statement, the independent evidence must be inconsistent with a hypothesis of innocence. 159 Wn.2d at 329. The court emphasized that independent evidence is not sufficient if it supports reasonable inferences of both a criminal explanation and a noncriminal explanation. *Id.* at 330.

Here, a strict application of this rule would suggest that the independent evidence was not sufficient to satisfy the corpus delicti rule. Hotchkiss's possession of 8.1 grams of methamphetamine and $2,150 in cash created an inference that he intended to deliver the methamphetamine. But technically that evidence is not inconsistent with innocence and also could support an inference that Hotchkiss did not have an intent to deliver. The methamphetamine could have been for personal use only and the cash could have come from a source other than selling drugs.

But we do not read *Brockob* as contradicting the general rule stated above that possession of a controlled substance *plus one other factor* is sufficient to satisfy the corpus delicti rule for an incriminating statement that the defendant intended to distribute the substance. *Whalen*, 131 Wn.

7

App. at 63. *Brockob* involved three consolidated cases, two of which – the *Brockob* case and the *Gonzalez* case – addressed charges of possession of pseudoephedrine or ephedrine with intent to manufacture methamphetamine. 159 Wn.2d at 319, 321. In both of those cases, the court applied the general rules regarding possession of a controlled substance when analyzing the corpus delicti rule. *Id.* at 330-33.

In the *Brockob* case, the defendant made an incriminating statement and was charged with unlawful possession of pseudoephedrine or ephedrine with intent to manufacture methamphetamine. *Id.* at 319. The evidence showed that the defendant attempted to shoplift the tablets from 24 to 30 packages of cold medicine and that the tablets could be used to make methamphetamine. 159 Wn.2d at 318-19, 331. Citing *Whalen*, 131 Wn. App. at 64, the court held that mere possession of the cold tablets supported an inference that he intended to steal them, but did not support an inference that he intended to manufacture methamphetamine. *Brockob*, 159 Wn.2d at 331-32. Further, the court noted that the defendant "did not possess anything else used in the manufacturing process." *Id.* at 332. Therefore, the court held that the evidence was insufficient to corroborate the defendant's incriminating statement that he was stealing the cold tablets for the manufacture of methamphetamine. *Id.* at 333.

Significantly, the court in its analysis did not rely on the rule it had stated earlier that to corroborate a defendant's incriminating statement, the independent evidence must be inconsistent with a hypothesis of innocence. The court stated, "Contrary to the dissent's claim, our conclusion is not based on whether the State's evidence supported an inference that Brockob was innocent of committing a crime." *Id.* at 332. Instead, the court's holding was based on the

absence of any evidence in addition to mere possession that would allow an inference of intent. *See id.* at 332-33.

In the *Gonzalez* case, the defendant made an incriminating statement and was charged with unlawful possession of pseudoephedrine or ephedrine with intent to manufacture methamphetamine and attempted manufacture of methamphetamine. *Id.* at 321. The independent evidence was that the defendant had possession of three bottles of tablets containing ephedrine and several loose unused coffee filters, that ephedrine and coffee filters were used to manufacture methamphetamine, and that he was purchasing the ephedrine for another person. *Id.* at 321-22.

The court noted that unlike in the *Brockob* case, there was something more than the defendant's mere possession of the tablets – he also possessed coffee filters (which commonly are used to make methamphetamine) and apparently was acting in concert with another person. *Id.* at 333. Therefore, the court held that the independent evidence was sufficient to corroborate the incriminating statement that he had purchased the ephedrine for another person to make methamphetamine. *Id.*

Under a strict application of the "inconsistent with a hypothesis of innocence" rule, the independent evidence in the *Gonzalez* case would have been insufficient to corroborate the defendant's incriminating statement. Certainly there could have been an innocent explanation for possession of coffee filters. Instead, the court determined that possession plus the additional factors supported an inference that the defendant intended to manufacture methamphetamine without focusing on the fact that there also was an inference of a noncriminal reason for possessing the ephedrine and the coffee filters. *Id.* at 333.

Hotchkiss's argument here is inconsistent with the *Gonzalez* case. Further, holding that the evidence was insufficient to corroborate Hotchkiss's incriminating statement would lead to an absurd result. Under the cases cited above, Hotchkiss's possession of a significant quantity of methamphetamine plus a large amount of cash was sufficient evidence to support a *conviction* for possession of methamphetamine with intent to deliver. *E.g.*, *O'Connor*, 155 Wn. App. at 290. But the corpus delicti cases uniformly hold that corroborating evidence need not be sufficient to establish that a crime has been committed beyond a reasonable doubt or even by a preponderance of the evidence. *Aten*, 130 Wn.2d at 656. In other words, less evidence is required to corroborate a defendant's incriminating statement than to support a conviction. *See id.*

Therefore, it would be incongruous to hold that Hotchkiss's possession of methamphetamine and a large amount of cash would be sufficient to uphold his conviction under a higher beyond a reasonable doubt standard, but insufficient to satisfy the corpus delicti rule under a standard lower even than a preponderance of the evidence.[2]

3. Corpus Delicti Analysis

We apply the general rule, stated in *Whalen* and confirmed in the *Gonzalez* case in *Brockob*, that possession of a controlled substance plus an additional factor is sufficient to corroborate a defendant's incriminating statement that he or she intended to distribute the substance and thereby satisfy the corpus delicti rule. Under this rule, we hold that the amount of

---

[2] We acknowledge that in the third consolidated case in *Brockob*, the *Cobabe* case, the Supreme Court held that even though the evidence was insufficient to corroborate the defendant's incriminating statement, it was sufficient to convict him. 159 Wn.2d at 353. It is difficult to reconcile this holding with the well-settled rule that corroborating evidence does not even need to rise to the level of preponderance of the evidence. *E.g.*, *Aten*, 130 Wn.2d at 656. Therefore, we decide this case consistently with the well-established rule in *Aten*.

methamphetamine in Hotchkiss's possession combined with an additional factor – possession of a large amount of cash – is sufficient to create an inference that Hotchkiss intended to deliver the methamphetamine and therefore is sufficient to corroborate his incriminating statement.

Accordingly, we conclude that the State has satisfied the corpus delicti rule and therefore that the trial court could consider Hotchkiss's statement. And considering Hotchkiss's statement, we hold that the evidence was sufficient to support his conviction.

## CONCLUSION

We affirm Hotchkiss' conviction of possession of methamphetamine with intent to deliver.

MAXA, J.

I concur:

BJORGEN, C.J.

WORSWICK, J., (concurring) – I concur in the result. Although I appreciate the majority's attempt to factually distinguish the *Cobabe*[3] case, I do not believe they are entirely successful. Majority at 10 n.2. *Cobabe* clearly stands for the proposition that evidence may be sufficient to convict beyond a reasonable doubt but may still be insufficient for purposes of corpus delicti. *Compare State v. Brockob*, 159 Wn.2d 311, 341, 150 P.3d 59 (2006), *with* 159 Wn.2d at 335.

Jeremy Ray Cobabe was convicted of second degree attempted robbery for his actions in relation to a CD/DVD (compact disc/digital video disc) player. 159 Wn.2d at 326. In that case, some evidence was presented that Cobabe tried to take the player so that the owner would be forced to meet with Cobabe, which corroborated the theory of robbery; other evidence was presented that Cobabe had the owner's permission to take the player, which undermined an essential element of the crime. 159 Wn.2d at 334-35. Thus, evidence supported a hypothesis of both guilt and innocence. 159 Wn.2d at 334-35. Citing *State v. Aten*, 130 Wn.2d 640, 660, 927 P.2d 210 (1996), our Supreme Court concluded that the independent evidence was insufficient to corroborate Cobabe's incriminating statement under the corpus delicti rule but nonetheless concluded there was sufficient evidence to support his conviction beyond a reasonable doubt. *Brockob*, 159 Wn.2d at 335; *see* 159 Wn.2d at 341.

The majority states, "It is difficult to reconcile [the] holding [in the *Cobabe* case] with the well-settled rule that corroborating evidence does not even need to rise to the level of preponderance of the evidence." Majority at 10 n. 2. This was also the position taken by the

---

[3] The *State v. Cobabe* case was the third consolidated case in *State v. Brockob*, 159 Wn.2d 311, 150 P.3d 59 (2006).

No. 48963-5-II

dissent in the *Cobabe* case, which did not carry the day. *Brockob*, 159 Wn.2d at 353-54 (Madsen, J., dissenting). The Supreme Court alone can decide whether to revisit this issue.

We are bound to follow our Supreme Court's precedent. *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 578, 146 P.3d 423 (2006). And the *Cobabe* case compels the result here. Hotchkiss was in possession of a large quantity of methamphetamine and cash. The majority has decided that independent evidence corroborated the fact that he was in possession of the cash through innocent means. Thus, under *Cobabe*, the evidence was insufficient to admit Hotchkiss's statement; under established precedent,[4] the evidence was sufficient to convict him beyond a reasonable doubt without his statement.

For these reasons, I would affirm.

                                                      _____

                                                         Worswick, J.

---

[4] *See State v. O'Connor*, 155 Wn. App. 282, 290-91, 229 P.3d 880 (2010); *State v. Campos*, 100 Wn. App. 218, 223-24, 998 P.2d 893 (2000); *State v. Hagler*, 74 Wn. App. 232, 236-37, 872 P.2d 85 (1994); *State v. Lane*, 56 Wn. App. 286, 297-98, 786 P.2d 277 (1989).